# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**ABDUL MALIK MARTINEZ**
Aka Edwin Issac Martinez
        **Plaintiff,**

        **v.**                               **CIVIL ACTION NO. 17-10539-GAO**

**JAMES M. CUMMINGS, SHERIFF, et al.,**
        **Defendants.**

## MEMORANDUM AND ORDER
June 21, 2017

**O'TOOLE, D.J.**

On March 28, 2017, Plaintiff Abdul-Malik Martinez, an inmate now in custody at MCI Cedar Junction, filed a *pro* se complaint alleging the violation of his civil rights on August 28, 2013, while he was held at the Barnstable County House of Correction. Martinez seeks "$5.5 million dollars" from twelve Barnstable County correctional officers and officials. Attached to his complaint are numerous documents including copies of state court documents. Martinez also filed an application to proceed without prepayment of fees and a motion for appointment of counsel.

In 2015, Martinez brought the same complaint against the same parties in the Barnstable Superior Court and on December 9, 2016, Justice Nickerson granted the defendants' motion for summary judgment on all claims.[1] *See Martinez v. Cummings, et al.*, No. 1572CV00240 (Mass. Sup. Ct. Dec. 9, 2016).

To the extent Martinez seeks to have this court review the state court judgment, this court is without jurisdiction to do so pursuant to the *Rooker-Feldman* doctrine. The *Rooker–Feldman*

---

[1] The Court takes judicial notice of the state court record. *United States ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 208 (1st Cir. 2016) (A court may consider matters of public record and facts susceptible to judicial notice."); *see also Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) ("a court ordinarily may treat documents from prior state court adjudications as public records").

doctrine is a distillation of two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008) (stating that the *Rooker–Feldman* doctrine, "in broad terms, deprives the district court of subject matter jurisdiction over a final judgment of a state court"); *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 68 (1st Cir. 2008) (the doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court.' ") quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005); *see also Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 126 (1st Cir. 2005) ("Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action.") quoting, *Porn v. Nat'l Grange Mut. Ins. Co.*, 93 F.3d 31, 34 (1st Cir. 1996).

Additionally, Martinez' federal and state claims, having been fully and fairly litigated in state court, is barred under the doctrine of *res judicata*, also known as claim preclusion. This federal court has an obligation to give full faith and credit to the state court judgment. "Pursuant to 28 U.S.C. § 1738, the Full Faith and Credit Act, federal courts must 'give the same preclusive effect to a state-court judgment as another court of the State would give.'" *Noone v. Town of Palmer*, C.A. No. 12-30026-MAP, 2 F.Supp.3d 1, 10 (D. Mass., 2014) (citations and quotations omitted). The purposes of claim preclusion are to "protect 'against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Taylor v. Sturgell*, 553 U.S. 880 (2008)

(quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)); *Pasterczyk v. Fair*, 819 F.2d 12, 13 (1st Cir. 1987)(*res judicata* is applicable in a section 1983 federal claim that was first brought in a state court).

Finally, even if this action was not barred by claim preclusion and the *Rooker-Feldman* doctrine, it would be barred by Massachusetts's three-year statute of limitations (M.G.L.A. Chapter 260, § 2A) on personal injury actions, which is applicable to civil rights complaints submitted to this court under 42 U.S.C. § 1983. *Owens v. Okure*, 488 U.S. 235 (1989); *Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir. 2001). Here, plaintiff's claims are clearly time barred since his cause of action arose on August 28, 2013, and his complaint submitted to this court more 43 months later, on March 28, 2017.

## **Conclusion and Order**

Based on the foregoing, it is hereby ordered that:

1. This action is DISMISSED because the Court lacks subject-matter jurisdiction.
2. The Clerk shall terminate the pending motions and enter a separate order of dismissal.

**So Ordered.**

    /s/ George A. O'Toole
**UNITED STATES DISTRICT JUDGE**